# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:01-CR-44-22 |
| | § | |
| VINCENT CLARK HUMBERSON | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 30, 2013, alleging that the Defendant, Vincent Clark Humberson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on March 28, 2002, before the Honorable Paul Brown, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute or dispense methamphetamine, a Class A felony. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. The Defendant was sentenced to 78 months' imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include: the Defendant shall not open additional lines of credit without approval of the probation officer unless the Defendant is in

compliance with all financial obligations imposed by this judgment; drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On July 29, 2011, the Defendant completed his original period of imprisonment and began service of the original supervision term. On April 18, 2013, his conditions were modified to include 180 days in a community corrections center.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision alleging that the Defendant violated the following conditions of his supervised release: 1.) On July 28, 2013, the Defendant absconded from Bannum Place of Beaumont and was unsuccessfully discharged in violation of his special condition that he reside and participate in a community corrections component until discharged by the director, but no longer than 180 days from admission.

## IV. Proceedings

On September 25, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the only allegation, which asserted that he violated a special condition of supervised release. The Petition alleges, "[o]n July 28, 2013, Vincent Clark Humberson absconded from Bannum Place of Beaumont. Based upon this violation conduct, he was unsuccessfully discharged."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of fourteen (14) months' imprisonment with no supervised release to follow.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision failing to successfully complete his 180 day community corrections term at Bannum Place, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. §7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is at least six months but not more than ten months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in

U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In addition, U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant currently has one hundred and nine (109) days of unserved community confinement.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant agreed to plead "true" to the only allegation, which asserted that he violated a special condition of supervised release. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to successfully complete his 180 day community corrections term at Bannum Place. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of fourteen (14) months' imprisonment, which includes the one hundred and nine (109) days of unserved community confinement.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to successfully complete his 180 day community corrections term at Bannum Place.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of fourteen (14) months with no supervised release to follow, which includes the one hundred and nine (109) days of unserved community confinement.

4. The court should recommend that the Defendant be incarcerated in the Federal Detention Center in El Reno, Oklahoma or Beaumont, Texas if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 26th day of September, 2013.

_____
Zack Hawthorn
United States Magistrate Judge